**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

McKESSON SPECIALTY CARE          :          CIVIL ACTION - LAW
DISTRIBUTION LLC                 :
401 Mason Road                   :
LaVergne, Tennessee 37086        :
                                 :
                    Plaintiff    :
                                 :
          v.                     :          NO. _____
                                 :
BRADFORD ONCOLOGY, LLC           :
8 North Center Street            :
Bradford, Pennsylvania 16701     :
                                 :
and                              :
                                 :
JAGJIT S. TANDON, M.D.           :
UPMC Hamot Medical Park          :
81 Clarion Road, Suite 5         :
Johnsonburg, Pennsylvania 15845  :
                                 :
                    Defendants   :
_____

## <u>COMPLAINT</u>

1.          The Plaintiff, McKesson Specialty Care Distribution LLC ("McKesson")

is a Delaware limited liability company, incorporated on July 30, 1987, with its registered

office at Corporation Service Company, registered agent, 251 Little Falls Drive,

Wilmington, New Castle County, Delaware 19808, and principal place of business

located at One Post Street, San Francisco, California 94104.

2.          McKesson is a health care services company in the business of distributing

medical supplies to the health care industry including to specialty medical providers, such

as oncology practices, and at times relevant hereto, McKesson has been registered with

the Pennsylvania Secretary of State as a foreign corporation, and transacted its business

with the Defendants through its office located at 401 Mason Road, LaVergne, Tennessee 37086.

3.         Defendant Bradford Oncology, LLC (formerly Bradford Oncology) ("Bradford") is a Pennsylvania limited liability company engaged in an oncology medical practice, with its registered address located at 8 North Center Street, Bradford, Pennsylvania 16701. At times relevant hereto, Bradford maintained its principal place of business at 8 North Center Street, Bradford, Pennsylvania 16701. On information and belief, without notice to McKesson, it appears that Bradford recently vacated those premises and moved to 81 Clarion Road, Suite 5, Johnsonburg, Pennsylvania 15845 and/or may have moved to an undisclosed new location.

4.         Defendant Jagjit S. Tandon, M.D. ("Dr. Tandon" or the "Guarantor") is an individual and citizen of Pennsylvania, residing in Bradford, Pennsylvania and/or Johnsonburg, Pennsylvania. Based on information and belief, Dr. Tandon is presently the owner and/or managing member of Bradford. Also, based on information and belief, at all times relevant hereto, Dr. Tandon is/was the principal owner and/or a member and managing member of Bradford.

## Jurisdiction

5.         Paragraphs 1 through 4 are incorporated by reference as if set forth fully herein.

6.         The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.         This Court has jurisdiction over this matter under 28 U.S.C. § 1332. As to the state law claims alleged below, jurisdiction is conferred upon the Court by 28 U.S.C.

§ 1338(b) and the doctrine of pendent jurisdiction.

8.          Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2) – because Defendants' acts and practices, and the events or omissions, giving rise to McKesson's claims occurred in this District, and therefore Defendants are subject to personal jurisdiction in this District, can be found in this District, and transact business in this District.

**Count I**
**Breach of Contract**
**(<u>Against Bradford and Dr. Tandon</u>)**

9.          Paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

10.          Beginning in 2007, Bradford began doing business under an agreement with McKesson as Bradford Oncology.

11.          At that time, Bradford was located at 8 North Center Street, Bradford, Pennsylvania 16701, and Dr. Tandon was Bradford's principal owner and officer and authorized representative.

12.          In about May 2010, Bradford became a limited liability company and continued its business under the name Bradford Oncology, LLC, with the same principal place of business (or practice) and registered office as Bradford Oncology located at 8 North Center Street, Bradford, Pennsylvania 16701. Bradford Oncology and Bradford Oncology, LLC are together hereinafter referred to as "Bradford".

13.          On or about March 20, 2012, additional contract documents were executed in regard to Bradford's account with McKesson (all terms and conditions concerning the account are together hereinafter referred to as the "Agreement") under the practice's new

name, Bradford Oncology, LLC. A true and correct copy of those documents dated March 20, 2012 (redacted in accordance with the applicable rules), is attached as **"Exhibit A"**.

14.        The Agreement includes terms and conditions covering credit, security, and a guaranty by Dr. Tandon (sometimes referred to herein as the "Guarantor").

15.        At all times since 2007, Dr. Tandon has been Bradford's principal owner and officer and authorized representative.

16.        Pursuant to the Agreement, Bradford purchased medical supplies for its oncology practice on account from McKesson.

17.        Before McKesson agreed to extend credit to Bradford, McKesson required the Guarantor, Dr. Tandon, to personally guaranty payment of the credit extended by McKesson, which the Guarantor agreed to do in accordance with the Agreement (the "Guaranty").

18.        Specifically, to induce McKesson to do business with Bradford, the Guarantor executed the Guaranty.

19.        Under the Guaranty, the Guarantor is the surety for all sums due to McKesson under the Agreement executed by Bradford, and it is a continuing guaranty covering any and all future obligations of Bradford to McKesson.

20.        Under the Guaranty, the Guarantor is obligated to meet all of the obligations of Bradford to McKesson.

21.        Under the terms of the Agreement, Bradford agreed to pay for all purchases, fees and other charges incurred by Bradford, including interest on past due amounts at the highest rate permitted by law.

22.        Bradford purchased medical supplies from McKesson for which Bradford has failed to pay in accordance with the terms of the Agreement.

23.        Bradford is in default of its obligations owed to McKesson under the Agreement and as of December 16, 2019, owes McKesson $117,222.08, with interest and other charges continuing to accrue since that date as set forth in the Agreement.

24.        McKesson provided to Bradford all of the medical supplies requested by Bradford without complaint or objection by Bradford.

25.        McKesson has performed and satisfied all of its obligations to Bradford pursuant to the terms of the Agreement, and Bradford has obtained and retained the benefit of the medical supplies provided to it by McKesson.

26.        Bradford has failed to pay McKesson in accordance with the terms of the Agreement, and Bradford breached the Agreement.

27.        As a direct result of Bradford's breaches of the Agreement, McKesson has suffered damages in the amount of $117,222.08 plus interest, and attorneys' fees and costs incurred by McKesson in connection with collection, for which Bradford and the Guarantor are contractually responsible.

28.        The Guarantor has breached the terms of his Guaranty of the obligations of Bradford to McKesson, and the Guarantor is liable to McKesson in the amount of $117,222.08 plus interest, and attorneys' fees and costs incurred by McKesson in connection with collection pursuant to the terms of the Agreement.

                WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC demands that judgment be entered in favor of McKesson Specialty Care Distribution LLC and against Defendant Bradford Oncology, LLC and the Guarantor, Defendant Dr.

Tandon, individually, in the amount of $117,222.08, plus interest, and attorneys' fees and costs incurred by McKesson Specialty Care Distribution LLC in connection with collection, jointly and severally.

### Count II
### Quantum Meruit and Unjust Enrichment
### (Against Bradford and Dr. Tandon)

29.     Paragraphs 1 through 28 are incorporated by reference as if set forth fully herein.

30.     This Count II is pled against Defendants Bradford and Dr. Tandon for the full amount of the debt owed, set forth above in Count I, and in the alternative to the extent such Defendants are enriched beyond the terms of the afore-referenced Agreement.

31.     McKesson delivered the goods to such Defendants as requested by them.

32.     Such Defendants have received and retained the benefit of the goods without intending to pay and without having paid for them.

33.     The fair, reasonable and market value of the goods as of December 16, 2019 is $117,222.08.

34.     Such Defendants have thus been unjustly enriched in the amount of $117,222.08, and McKesson is entitled to be compensated for the benefit it has conferred on such Defendants. McKesson therefore pleads this count, in the alternative to Count I, for quantum meruit and/or unjust enrichment.

WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC demands that judgment be entered in favor of McKesson Specialty Care Distribution LLC and against Defendant Bradford Oncology, LLC and the Guarantor, Defendant Dr. Tandon, individually, in the amount of $117,222.08, plus interest, and attorneys' fees,

expenses, and costs of suit incurred by McKesson Specialty Care Distribution LLC in connection with collection, jointly and severally.

**Count III**
**Breach of Fiduciary Duty**
**(Against Dr. Tandon)**

35.        Paragraphs 1 through 34 are incorporated by reference as if set forth fully herein.

36.        Based on information and belief, Defendant Dr. Tandon is the sole owner, principal and/or member, director and/or officer of Bradford.

37.        Based on information and belief, Dr. Tandon failed to discharge his duties as a member, director and/or officer of Bradford in good faith and with that degree of diligence, care and skill which an ordinary prudent person would exercise under similar circumstances in like position.

38.        Based on information and belief, as the sole and essential person in charge of Bradford, and the sole principal, member, director and/or officer responsible for Bradford's corporate governance, on information and belief, Dr. Tandon negligently and intentionally engaged in conduct that rendered Bradford insolvent.

39.        Based on information and belief, as the sole and essential person in charge of Bradford, and the sole principal, member, director and/or officer responsible for Bradford's corporate governance, on information and belief, Dr. Tandon negligently and intentionally caused Bradford's capital to be impaired and Bradford to be insolvent.

40.        Based on information and belief, as the sole and essential person in charge of Bradford, and the sole principal, member, director and/or officer responsible for Bradford's corporate governance, Dr. Tandon transferred or misappropriated funds owed

to McKesson and McKesson's collateral.

41.         Based on information and belief, at the time of the subject transactions, Dr. Tandon knew or should have known Bradford was insolvent or would become insolvent and unable to repay the debts owed to Bradford, and that he and Bradford had no intention of repaying the debts owed to McKesson.

42.         As a result of the foregoing, at all times material hereto, as the sole principal, member, director and/or officer of Bradford, Dr. Tandon owed fiduciary obligations to McKesson.

43.         As a result of the foregoing, Dr. Tandon breached his fiduciary duties to McKesson by failing to act in McKesson's best interests, including, *inter alia*, 1) negligently and intentionally engaging in conduct that rendered Bradford insolvent, 2) transferring or misappropriating funds owed to McKesson and McKesson's collateral, knowing or he should have known Bradford was insolvent or would become insolvent and unable to repay the debts owed to McKesson, and that he and Bradford had no intention of repaying the debts owed to McKesson, and 3) taking goods from McKesson when he knew Bradford was insolvent or would be unable to and had no intention of paying for those goods.

44.         Based on information and belief, as a result of such breaches of his fiduciary duties as sole principal, member, director and/or officer of Bradford, Dr. Tandon caused or contributed to the insolvency of Bradford and the resulting losses to McKesson.

45.         As a direct result of such breaches of fiduciary duties, McKesson has suffered damages in excess of $117,222.08.

WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC demands 1) judgment in its favor and against Defendant Dr. Tandon in the amount of $117,222.08, plus interest, and attorneys' fees, expenses, and costs of suit incurred by McKesson Specialty Care Distribution LLC in connection with collection; 2) punitive damages in an amount sufficient to punish Defendant Tandon for his willful, wanton, malicious and pernicious acts done in reckless disregard and indifference to the rights of McKesson Specialty Care Distribution LLC; and 3) such other and further relief as the Court may deem just and proper.

**Count IV**
**Conversion/Wrongful Appropriation**
**(Against Bradford and Dr. Tandon)**

46.        Paragraphs 1 through 45 are incorporated by reference as if set forth fully herein.

47.        The Defendants Bradford and Dr. Tandon induced McKesson to deliver the goods to them without intending to pay for them, and did so acting in bad faith and knowing that Defendant Bradford was insolvent or grossly undercapitalized.

48.        The Defendants were requested to pay for or return the goods received from McKesson and refused to comply.

49.        The Defendants converted McKesson's goods and deprived McKesson of its property, or use or possession of the goods without McKesson's consent and without lawful justification.

WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC demands 1) judgment in its favor and against Defendants in the amount of $117,222.08, plus interest, and attorneys' fees, expenses, and costs of suit incurred by McKesson

Specialty Care Distribution LLC in connection with collection, jointly and severally; 2) punitive damages in an amount sufficient to punish the Defendants for their willful, wanton, malicious and pernicious acts done in reckless disregard and indifference to the rights of McKesson Specialty Care Distribution LLC; and 3) such other and further relief as the Court may deem just and proper.

### Count V
### Fraudulent Conveyance
### (Against Bradford and Dr. Tandon)

50.        Paragraphs 1 through 49 are incorporated by reference as if set forth fully herein.

51.        Pursuant to the Tennessee and/or Pennsylvania Uniform Fraudulent Transfer Act, McKesson asserts its statutory remedy provided thereby.

52.        Upon information and belief, to the extent all or any part of the subject goods have been sold or funds have been transferred, Defendants transferred or sold them and deprived themselves from paying McKesson for the goods, so that McKesson could not collect, in violation of UFTA.

53.        Upon information and belief, Defendants developed and implemented a scheme to transfer assets or place them outside of the reach of their creditors, including McKesson, in violation of UFTA. The current whereabouts of the goods and substantially all assets of the Defendants are unknown, and, on information and belief, Defendants absconded with them and/or transferred them beyond the reach of McKesson. This was done without notice and to conceal the t

54.        Upon information and belief, the transfers were made while Bradford was insolvent or rendered Bradford insolvent.

55.       Upon information and belief, the transfers were made with actual intent to hinder, delay or defraud McKesson.

56.       Upon information and belief, the transfers were made  by Defendants to and/or from themselves, or obligations were incurred, without Defendants receiving a reasonably equivalent value in exchange for the transfer or obligation, when 1) Defendants assets were unreasonably small in relation to the business or transactions engaged in by Defendants, 2) Defendants knew, or reasonably should have known, that they would incur debts beyond their ability to pay their debts (including to McKesson) as they were due or would become due, and/or 3) Defendants intended to incur, or believed or reasonably should have believed that they would incur, debts which would be beyond their ability to pay McKesson.

WHEREFORE, plaintiff McKesson Specialty Care Distribution LLC demands: 1) judgment against Defendants in the amount of $117,222.08, plus interest, and attorneys' fees, expenses, and costs of suit incurred by McKesson Specialty Care Distribution LLC in connection with collection, jointly and severally; and/or 2) avoidance of the transfers or obligations to the extent necessary to satisfy McKesson Specialty Care Distribution LLC's claim; and/or 3) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by applicable law; and/or 4) an injunction against further disposition by Defendants or a transferee, or both, of the assets transferred or of other property; and/or 5) appointment of McKesson Specialty Care Distribution LLC as a receiver to take charge of the assets transferred or of other property of the transferee.

## Count VI
## Replevin
## (Against Bradford and Dr. Tandon)

57.        Paragraphs 1 through 56 are incorporated by reference as if set forth fully

herein.

58.        Defendants failed to pay for the subject medical supplies.

59.        Under the Agreement, McKesson has a right to title and possession of the

medical supplies for which Defendants did not pay.

60.        The medical supplies were last known to be in the possession of

Defendants. To the extent it is determined that all or a portion of such medical supplies

remain in such Defendants' possession at their place of business identified above or

elsewhere as may be determined, they must be turned over to McKesson in proper

condition.

61.        Defendants have and continue to use and abuse the above-referenced

medical supplies, which are decreasing in value consistent with such use.

62.        To the extent the medical supplies, or proceeds flowing from them, have

been transferred, McKesson reserves the right to file additional claims against the

Defendants and others as necessary.

63.        McKesson is entitled to immediate return of the medical supplies which

are its exclusive property.

        WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC

seeks an order 1) allowing seizure of the medical supplies before judgment pursuant to a

writ of seizure issued upon an order of the Court entered upon notice and hearing or *ex

parte*; 2) granting judgment for the Plaintiff and against Defendants for replevin of the

medical supplies; 3) awarding attorneys' fees and costs incurred by McKesson Specialty Care Distribution LLC in connection with this action, jointly and severally; and 4) granting such other and further relief as the Court may deem just and proper.

**Count VII**
**Inventory and Accounting**
**(Against Bradford and Dr. Tandon)**

64.      Paragraphs 1 through 63 are incorporated by reference as if set forth fully herein.

65.      By their actions described above, and by such actions as may yet be discovered, Defendants have breached the terms of the Agreement and converted medical supplies of McKesson without payment, as well as converted the proceeds of sale of such items or the proceeds flowing from them, thereby depriving McKesson of monies to which it is entitled.

66.      As a direct, foreseeable and proximate result of these actions, McKesson has been damaged.

67.      McKesson is entitled to a full inventory of all collateral and an accounting of all transactions and accounts of Defendants, including all collections, receipts, expenses, and payments.

WHEREFORE, Plaintiff McKesson Specialty Care Distribution LLC demands judgment in its favor and against Defendants 1) requiring such Defendants to provide to the Plaintiff a full inventory of all collateral and an accounting of all transactions and accounts of Defendants, including all collections, receipts, expenses, and payments; 2) requiring Defendants to disgorge to the Plaintiff all monies due and owing to the Plaintiff; 3) awarding attorneys' fees and costs incurred by McKesson Specialty

Care Distribution LLC in connection with this action against Defendants, jointly and severally; and 4) granting such other and further relief as the Court may deem just and proper.

**Count VIII**
**Injunctive Relief**
**(Against Bradford and Dr. Tandon)**

68.        Paragraphs 1 through 67 are incorporated by reference as if set forth fully herein.

69.        On information and belief, Defendants' actions as described herein and as is in the process of being investigated, provide a basis for injunctive relief under the terms of the Agreement and applicable law.

70.        In accordance with the terms of the Agreement, McKesson demands that Defendants immediately turn over to McKesson all collateral (as defined in the Agreement), and hereby requests that the Court enjoin Defendants from taking any action that would dissipate or have the effect of dissipating assets of Defendants, including but not limited to transferring their assets, selling, leasing, or otherwise disposing of such collateral or disposing of or paying the proceeds of any accounts collected to any other creditor, person or entity without an Order of the Court, with prior notice to McKesson.

71.        Injunctive relief is necessary to prevent irreparable injury and gross injustice and will preserve the *status quo* as it exists or as it previously existed before Defendants defaulted.

72.        Injunctive relief is also necessary to protect any proceeds from any sale of the collateral that may have already occurred. McKesson has an absolute right to receive the proceeds under the terms of the Agreement.

73.        The likelihood of success on the merits that Defendants violated their obligations to McKesson is beyond doubt.

74.        McKesson's security interest in the collateral is beyond doubt.

75.        McKesson has an absolute, unfettered and complete right to preserve the collateral.

76.        The likelihood is undeniably strong that a judgment will be rendered in favor of McKesson and against Defendants, jointly and severally, for the full amount of the debt owed.

77.        In light of McKesson's security interest and rights in the collateral and the likelihood of a judgment being rendered in favor of McKesson and against Defendants, Defendants should not be permitted to dissipate or liquidate the collateral. McKesson will suffer irreparable harm if the collateral is dissipated or liquidated by Defendants because McKesson has an absolute right to the collateral under the Agreement. Dissipation of the collateral could lead to Defendants becoming judgment-proof, leaving McKesson without an adequate remedy at law.

78.        The injury that would occur to McKesson from refusing the injunction is greater than will occur from granting it.

79.        Granting injunctive relief will not adversely affect the public interest. Rather, injunctive relief is in the public interest and should be granted.

80.        Defendants' default and liability is manifest, and it is necessary that an injunction be entered preventing them from dissipating the collateral to help abate any loss to the collateral in which McKesson's right is beyond doubt.

          WHEREFORE plaintiff McKesson Specialty Care Distribution LLC

demands that the Court enter an Order granting injunctive relief restraining Defendants in accordance with the terms and restrictions of the Agreement and applicable law, and such other relief as the Court determines, including, but not limited to, that the Court order:

1) Defendants immediately turn over to McKesson Specialty Care Distribution LLC all collateral (as defined in the Agreement), and pending its turn over to McKesson Specialty Care Distribution LLC, Defendants maintain the collateral keeping it free from waste, deterioration or depreciation;

2) Defendants are enjoined from taking any action that would dissipate or have the effect of dissipating assets of Defendants, including but not limited to transferring their assets, selling, leasing, or otherwise disposing of such collateral or disposing of or paying the proceeds of any accounts collected to any other creditor, person or entity without an Order of the Court, with prior notice to McKesson Specialty Care Distribution LLC.

Respectfully submitted,
BERKOWITZ · KLEIN LLP

Date:   December 16, 2019            By:     /s/ Robert A. Klein_____
Robert A. Klein, Esquire
Pa. Attorney Id. No. 44670
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA 19355-1530
Tel. 610-889-3200
Fax 610-889-9564
Email: rak@berklein.com

Attorneys for Plaintiff
McKESSON SPECIALTY CARE
DISTRIBUTION, LLC

## VERIFICATION

Bryan Thompson, Finance Operations Manager for McKesson Specialty Health, hereby verifies that the facts set forth in the foregoing Amended Complaint are true and correct to the best of his knowledge, information and belief, and further acknowledges and understands that all statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


Dated:   12-16-19

*Bryan Thompson*
Bryan Thompson
Finance Operations Manager
McKesson Specialty Health